

**Complaint**
1 message

8:25-CV-3303-KKM-AAS

**Jacqueline Dennis** <Jahrusalem2020@outlook.com>                                                Wed, Dec 3, 2025 at 12:10 PM
To: Jacqueline Dennis <addisafrancis53@gmail.com>

United States District Court

Middle District of Florida

Tampa Division

Addisa Jahrusalem Francis aka

Jacqueline Dennis, co-founder of

Empress Menen Piety Charter

Rastafarian Israelites (EMPCRIs),

    Plaintiff,

v.

The United States Department of Justice, and

The United States Courts, and

The United States of America.

    Defendants.

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

COMES NOW, Addisa Jahrusalem Francis aka Jacqueline Dennis, co-founder of Empress Menen Piety Charter Rastafarian Israelites (EMPCRIs), a 508( c )(1)(a) Faith Based Organization, Pro Se, and files this Complaint for Violations of Civil Rights, for injunctive relief with reparation damages in the amount of $150,000,000; and for jury trial and states:

Plaintiff has stated claims for relief when filing 2241, or filed suit and given case law and statutes with constitutional violations inside filings. Plaintiff is not denied relief - Plaintiff is given government filings of express written waivers of sovereign immunity, ending discussion. When Plaintiff sue, since these waivers are construed as consent to suit - create res judicata, estoppel, issue preclusion. Plaintiff is faced with dismissal 12(b)6. Plaintiff is engaged in this vicious cycle and needs to create an end to this **procedural trap**: When Plaintiff files for relief (whether under § 2241, or a civil suit), the government's response is "express written waiver of sovereign immunity," courts have treated this tactic as consent to suit, but then dismiss under Rule 12(b)(6). That cycle feels endless because the waivers end discussion without reaching the merits - no relief.

Plaintiff has gone beyond just citing waivers, Plaintiff has filed **§ 2241 petitions, civil law suits and case law supporting constitutional violations**, yet the government responds with "express waivers of sovereign immunity" and courts treat that as the end of the matter. Relief is foreclosed because the waiver is being used as a procedural shield.

## Is This Legally Proper?

- It's not "illegal" in the sense of violating law — courts are permitted to dismiss under Rule 12(b)(6).
- But it can be challenged as a **misapplication of habeas law**: habeas petitions are not ordinary civil complaints, and Rule 12(b)(6) is not supposed to be used to short-circuit statutory review of constitutional claims.
- Plaintiff argues that the government's waiver filings are being misused to avoid merits review, effectively suspending habeas rights contrary to the **Suspension Clause** (Art. I, § 9, cl. 2).

The government's waivers do not legally end relief — they are being misapplied procedurally. The creative path forward is to argue that this misuse of waivers + 12(b)(6) constitutes a **structural denial of habeas rights**. That reframes the controversy from "failure to state a claim" into "constitutional suspension of habeas corpus" and or Civil lawsuit, which courts cannot ignore: but also, confronts the government's use of waivers and the court's reliance on Rule 12(b)(6) dismissals, reframing Plaintiff's issue as a **constitutional violation of the Suspension Clause** and a denial of due process. This forces the court to address the merits instead of ending discussion at the waiver stage.

By refusing to engage the merits of Plaintiff's constitutional claims, the government and the courts have effectively suspended the Great Writ in violation of Article I, Section 9, Clause 2 of the United States Constitution. This practice deprives Petitioner of due process and equal protection by foreclosing meaningful judicial review of ongoing custody and collateral consequences.

Plaintiff respectfully requests that this Court reject the misuse of sovereign immunity waivers as a substitute for merits adjudication, recognize the continuing live controversy presented by Plaintiff's conviction and its collateral consequences, and grant relief consistent with the Constitution and the statutory authority of § 2255 and § 2241. To hold otherwise would be to sanction the suspension of habeas corpus and deny Plaintiff the fundamental right to challenge unlawful detention.

Plaintiff respectfully submits that the government's repeated filing of "express written waivers of sovereign immunity" in response to post-conviction litigation, followed by Rule 12(b)(6) dismissals, constitutes a structural denial of habeas corpus. Congress has already authorized jurisdiction under 28 U.S.C. §§ 2241 and 2255, and the government's waivers are legally irrelevant to the merits of Petitioner's constitutional claims. By allowing waivers to substitute for substantive adjudication, the lower courts have effectively suspended the Great Writ in violation of Article I, Section 9, Clause 2 of the Constitution and denied Plaintiff due process. This Court must address whether the government's misuse of waivers and the judiciary's reliance on them to foreclose merits review impermissibly nullifies habeas relief and undermines the constitutional guarantee of meaningful post-conviction review.

Whether the government's repeated filing of "express written waivers of sovereign immunity" in response to Petitioner's post-conviction filings, and the courts' reliance on those waivers to dismiss under Rule 12(b)(6) without adjudicating the merits, violates the Suspension Clause of Article I, Section 9, Clause 2 of the United States Constitution and deprives Petitioner of due process. Specifically, the question is whether this practice impermissibly nullifies the statutory remedies Congress provided in 28 U.S.C. §§ 2241 and 2255, thereby suspending habeas corpus and foreclosing meaningful judicial review of ongoing custody and collateral consequences.

The practice also deprives Plaintiff of due process by allowing jurisdictional waivers to substitute for substantive adjudication. Dismissals are unfair — the **systematic use of waivers to block merits review is unconstitutional**. See below:

- Congress has already authorized jurisdiction under **28 U.S.C. §§ 2241 and 2255**.
- Habeas corpus is not a civil damages action; sovereign immunity does not bar relief.
- *Ex parte Hull*, 312 U.S. 546 (1941) — the Court held that habeas petitions cannot be obstructed by procedural barriers imposed by the government.
- *Boumediene v. Bush*, 553 U.S. 723 (2008) — reaffirmed that habeas jurisdiction cannot be nullified by executive or legislative maneuvers.

## II. Rule 12(b)(6) Cannot Be Used to Foreclose Merits Review of Habeas Claims

- Habeas petitions are statutory vehicles for constitutional review, not ordinary civil complaints.
- *Haines v. Kerner*, 404 U.S. 519 (1972) — pro se filings must be liberally construed and not dismissed for technical pleading defects.
- *Slack v. McDaniel*, 529 U.S. 473 (2000) — habeas petitions must be reviewed on the merits if they raise constitutional claims.
- Using Rule 12(b)(6) to dismiss without merits review misapplies civil procedure to habeas law.

## III. The Cycle of Waivers and Dismissals Violates the Suspension Clause

- Article I, Section 9, Clause 2 prohibits suspension of habeas corpus except in rebellion or invasion.
- *Boumediene v. Bush*, 553 U.S. 723 (2008) — habeas corpus is a fundamental safeguard against unlawful detention.
- *INS v. St. Cyr*, 533 U.S. 289 (2001) — the Court held that habeas review cannot be eliminated without violating the Suspension Clause.
- By allowing waivers to block merits review, courts effectively suspend habeas relief in practice.

## IV. The Practice Deprives Petitioner of Due Process

- Due process requires meaningful opportunity to be heard on constitutional claims.
- *Murray v. Carrier*, 477 U.S. 478 (1986) — procedural defaults cannot bar relief where constitutional violations are at stake.
- *Evitts v. Lucey*, 469 U.S. 387 (1985) — due process guarantees meaningful appellate review of constitutional claims.
- Substituting waiver filings for substantive adjudication denies that opportunity.

## V. Separation of Powers Requires Judicial Review of Constitutional Claims

- The Judiciary has the constitutional duty to decide cases and controversies.
- *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803) — it is emphatically the province of the judiciary to say what the law is.
- *United States v. Klein*, 80 U.S. (13 Wall.) 128 (1871) — Congress and the Executive cannot dictate judicial outcomes or foreclose review.
- Allowing the Executive Branch to dictate outcomes through waiver filings undermines judicial independence.

## VI. Remedy

- The appropriate remedy is merits adjudication.
- *Carafas v. LaVallee*, 391 U.S. 234 (1968) — collateral consequences keep habeas cases live even after release.
- Relief should be granted consistent with §§ 2241 and 2255, ensuring constitutional claims are heard.

To establish a prima facie case in Plaintiff's filings, show:

1. **Statutory Basis for Relief**
    - Cite § 2241 or § 2255 as the legal authority.
    - These statutes already waive sovereign immunity for habeas claims.
2. **Constitutional Violation Alleged**

- Provide factual allegations (e.g., counsel failed to investigate, government withheld evidence, waiver filings foreclose merits review).

3. **Ongoing Injury / Collateral Consequences**
    - Show that the conviction or sentence continues to impose legal disabilities (custody, parole restrictions, loss of rights).
    - This keeps the controversy "live" under *Carafas v. LaVallee*, 391 U.S. 234 (1968).
4. **Relief Requested**
    - Vacatur, resentencing, or declaratory judgment.
    - Courts must see a remedy tied to the violation.

Plaintiff establishes a prima facie case for relief under 28 U.S.C. § 2255. Jurisdiction is proper by statute, independent of any government waiver. Plaintiff alleges a constitutional violation — ineffective assistance of counsel — supported by specific factual allegations. Plaintiff continues to suffer collateral consequences from the conviction, keeping the controversy live. Relief is available through vacatur or resentencing. These allegations, taken as true, state a claim upon which relief can be granted and establish a prima facie case requiring merits review.

# Key Differences Between Habeas (§ 2241/§ 2255) and Civil Rights (§ 1983)

- **Habeas corpus**: challenges the *fact or duration* of custody (conviction, sentence). Remedy = release, resentencing, or new trial.
- **§ 1983 civil rights action**: challenges *conditions of confinement* or *constitutional violations by government actors*. Remedy = damages, injunctions, declaratory relief.

# I. Jurisdiction

- "This action arises under 42 U.S.C. § 1983 and the Constitution of the United States."
- "Jurisdiction is proper under 28 U.S.C. § 1331 and § 1343."

# II. Constitutional Violations

- Specific rights violated: Provided factual allegations showing how government officials acted "under color of law." See attachment - "Foundation for Civil Rights Violations 42 USC 1983 inside United States of America v. Henry Francis", compiled by Addisa Jahrusalem Francis aka Jacqueline Dennis.

# III. Injury

- Document the harm suffered:
    - Physical injury, emotional distress, loss of liberty, denial of rights.
- Show ongoing consequences (medical needs, retaliation, restrictions).

# IV. Relief Requested

- Remedies appropriate under § 1983:
    - Compensatory damages.
    - Punitive damages (if conduct was malicious or reckless).
    - Injunctive relief (to stop ongoing violations).
    - Declaratory judgment (that rights were violated).

# V. Constitutional Framing

- Argue that dismissals without merits review deny due process.

- *Monroe v. Pape*, 365 U.S. 167 (1961) — § 1983 provides remedy against state officials acting under color of law.
- *West v. Atkins*, 487 U.S. 42 (1988) — government employees are liable under § 1983 for constitutional violations.

- Emphasize that § 1983 was enacted to provide a federal remedy when state actors violate constitutional rights.
- Argue that dismissals without merits review deny due process.
- Highlight separation of powers: courts must adjudicate constitutional claims, not defer to procedural maneuvers.

# VII. Conclusion

- Summarize: "Plaintiff has established a prima facie case under § 1983. Jurisdiction is proper, constitutional violations are alleged, injury is documented, and relief is available. Dismissal would deny due process and nullify the federal remedy Congress intended. Relief must be granted."



---

**Complaint**
1 message

---

**Jacqueline Dennis** <Jahrusalem2020@outlook.com>  Wed, Dec 3, 2025 at 12:06 PM
To: Jacqueline Dennis <addisafrancis53@gmail.com>

# Reparations Context

# Cause of Action – Equal Protection (42 U.S.C. § 1983)

### COUNT I – Violation of the Fourteenth Amendment Equal Protection Clause

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.
2. Defendant, acting under color of state law, intentionally subjected Plaintiff to discriminatory treatment on the basis of race, depriving Plaintiff of equal protection of the laws guaranteed by the Fourteenth Amendment.
3. This discriminatory conduct is not isolated but reflects a continuation of systemic practices rooted in historical racial subordination, including policies and customs that perpetuate the legacy of slavery, segregation, and government-sanctioned discrimination.
4. By enforcing or acquiescing in these practices, Defendant has caused ongoing harm to Plaintiff, including denial of equal access to public resources, disproportionate punishment, and economic and social marginalization.
5. Plaintiff seeks damages and equitable relief not only to remedy the individual constitutional violation but also to address the continuing effects of systemic discrimination. Such relief serves a reparative function consistent with the purpose of § 1983: to provide a federal remedy when government actors violate constitutional rights.
6. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injury, including loss of liberty, denial of constitutional rights, loss of culture/heritage, loss of family relationships, physical injury, emotional distress, and continues to suffer ongoing consequences.

**WHEREFORE**, Plaintiff requests compensatory damages, punitive damages, injunctive relief, declaratory judgment, and such other relief as the Court deems just and proper.

### COUNT II – Violation of the Fourteenth Amendment Due Process Clause

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.
2. Defendant, acting under color of federal law, deprived Plaintiff of liberty and property interests without due process of law, in violation of the Fourteenth Amendment.
3. Defendant's conduct reflects not only an individual denial of fair process but also the continuation of systemic practices rooted in historical racial subordination, including discriminatory enforcement, arbitrary punishment, and denial of equal access to justice.
4. These practices perpetuate the legacy of slavery, segregation, and government-sanctioned discrimination, resulting in ongoing harm to Plaintiff and similarly situated individuals.
5. By failing to provide fair hearings, impartial adjudication, or equal treatment under law, Defendant has denied Plaintiff the procedural and substantive protections guaranteed by the Constitution.
6. Plaintiff seeks damages and equitable relief to remedy the individual violation and to address the continuing effects of systemic discrimination. Such relief serves a reparative function consistent with the purpose of § 1983: to provide a federal remedy when government actors violate constitutional rights.
7. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injury, including wrongful conviction, denial of constitutional rights, loss of family relationships, loss of culture/heritage, economic loss, physical injury, emotional distress, and continues to suffer ongoing consequences.

**WHEREFORE,** Plaintiff demands compensatory damages, punitive damages, injunctive relief, declaratory judgment.

1. Enter judgment in favor of Plaintiff and against Defendant(s) for violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983;
2. Award Plaintiff compensatory damages in the amount of $150,000,000

sufficient to redress the injuries suffered, including physical harm, emotional distress, economic loss, and denial of constitutional rights;

3. Award Plaintiff punitive damages to deter future misconduct and to punish Defendant(s) for willful, malicious, or reckless disregard of Plaintiff's rights;

4. Grant injunctive relief requiring Defendant(s) and their agencies to cease ongoing discriminatory practices and to implement measures that remedy systemic inequities;

5. Issue declaratory judgment that Defendant(s)' conduct violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and that such violations perpetuate the legacy of historical racial subordination;

6. Recognize that the relief awarded serves a reparative function, addressing both the immediate constitutional violations and their continuing systemic effects;

7. Grant such other and further relief as this Court deems just and proper to restore Plaintiff's rights and ensure equal protection under law.

## COUNT III – Injunctive Relief for Ongoing Constitutional Violations

1. Plaintiff realleges and incorporates by reference all preceding paragraphs.
2. Defendant(s), acting under color of federal law, have engaged in ongoing practices that violate Plaintiff's constitutional rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment.
3. These practices are not isolated incidents but part of systemic policies and customs that perpetuate racial discrimination and deny Plaintiff equal protection of the laws and fair process.
4. Plaintiff faces continuing harm from these practices, including Civil Rights Violations, RICO Act Violations, Hate Crime Violations, Americans With Disabilities Act Violations, Terror, discriminatory enforcement, denial of access to services, retaliation, and systemic exclusion.
5. Monetary damages alone cannot fully remedy these violations, as they are ongoing and structural in nature.
6. Plaintiff therefore seeks injunctive relief requiring Defendant(s) and their agencies to:
   - Cease discriminatory practices and policies;
   - Implement reforms to ensure equal treatment and due process;
   - Protect and Establish monitoring and accountability mechanisms to prevent future violations;
   - Provide equitable access to resources and opportunities previously denied.
7. Such injunctive relief serves a reparative function by addressing both the immediate constitutional violations and their systemic roots, ensuring that Plaintiff and similarly situated individuals are protected from future harm.

Conclusion

Plaintiff has presented a prima facie case under 42 U.S.C. § 1983, alleging ongoing violations of the Equal Protection and Due Process Clauses by Defendant(s) acting under color of federal law. These violations are not isolated incidents but part of systemic practices that perpetuate the legacy of historical racial subordination. The relief sought is both remedial and reparative, designed to redress immediate harms and to confront the continuing effects of discrimination. This Court has the authority and the duty to ensure that constitutional rights are enforced, that justice is not denied, and that the federal remedy Congress intended through § 1983 is fully realized.

**WHEREFORE,** Plaintiff demand that this Court issue injunctive orders requiring Defendant(s) to cease unconstitutional practices, implement systemic reforms, and take affirmative steps to remedy ongoing discrimination.

Respectfully submitted,

*Addisa Jahrusalem Francis aka*
*Jacqueline Dennis*

Addisa Jahrusalem Francis aka

Jacqueline Dennis

Dated: December 3, 2025

By proof of perjury.

4416 N. 48th St.
Tampa, FL 33610
(727) 486-1135